UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KEVIN PAUL BENOIT** | * | **CIVIL ACTION NO.  12-2331** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **DONNIE ADAMS, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the court is a document dated January 27, 2013, submitted by plaintiff pro se, Kevin Paul Benoit. [doc. # 12].  By this submission, plaintiff seeks permission to proceed with the above-captioned civil rights complaint, which was stricken pursuant to court order dated November 14, 2012.  The Clerk of Court has docketed the submission as a motion for reconsideration.  For reasons assigned below, the letter-motion is DENIED.

## Background

On January 21, 2010, a jury sitting in the 32nd Judicial District Court for the Parish of Terrebonne convicted Kevin P. Benoit on a charge of indecent behavior with a juvenile.  *Benoit v. LeBlanc*, Civil Action No. 12-1023 (E.D. La.) (Compl.).  On April 21, 2010, the state court sentenced Benoit to a 20 year prison term.  *Id*.  After exhausting his state court remedies on direct appeal, Benoit filed a habeas petition under 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Louisiana ("EDLA").  *See Benoit, supra*.  On July 10, 2012, however, the assigned magistrate judge recommended that the petition be dismissed on the merits.  *Benoit, supra* [doc. # 13].   On August 13, 2012, the district court judge adopted the report and recommendation and dismissed the habeas petition, with prejudice.  *Id*. [doc. #s 16-18].

On August 14, 2012, Benoit filed a civil rights complaint under 42 U.S.C. § 1983 in the

EDLA against Donnie Adams, (the warden at Union Parish Detention Center ("UPDC") where plaintiff is housed) and James M. LeBlanc (Secretary, Louisiana Department of Corrections). *Benoit v. Adams*, Civil Action No. 12-2085 (E.D. La.). Plaintiff alleged that the law library at the UPDC was constitutionally inadequate. *Id*. Thus, he sought a transfer, access to competent inmate counsel, reimbursement of the $350.00 filing fee, court costs, plus $1,000 for each day that he was confined at the UPDC without access to legal research materials in the library. *Id*.

On September 4, 2012, the EDLA transferred Benoit's § 1983 case to this court, where it was assigned Civil Action No. 12-2331 (W.D. La.). Because plaintiff used EDLA complaint and In Forma Pauperis ("IFP") forms, this court required plaintiff to re-submit his complaint and IFP application on forms approved by this court. (Sept. 10, 2012, Mem. Order [doc. # 9]). The court cautioned plaintiff that if he failed to so comply, then his complaint would be stricken. *Id*.

Two months later, plaintiff still had not responded to the court's order. Accordingly, on November 14, 2012, the court entered an order striking plaintiff's complaint. (Nov. 14, 2012, Order [doc. # 11]).

### Discussion

In his letter-motion dated January 29, 2013, plaintiff admits that he received a packet from the court on September 12, 2012, advising him that he had 30 days to re-file his complaint on approved forms. He alleges, however, that Warden Donnie Adams persuaded him not to go forward with the instant civil rights complaint because Adams led Benoit to believe that he would be transferred to a different facility. Because the transfer did not come to pass, plaintiff now wishes to resurrect his case.

However, if plaintiff wished to preserve his ability to proceed with the suit, he could have complied with the court order, and later voluntarily dismissed the suit if, and when, he secured the

promised transfer. Moreover, there is no apparent reason why plaintiff cannot reassert his inadequate law library claims in an entirely new § 1983 suit filed with this court.[1] Towards that end, the Clerk of Court is directed to send plaintiff a new § 1983 complaint form and IFP application.

Under these circumstances, the court finds that plaintiff has demonstrated neither good cause, nor resulting prejudice for his ongoing failure to re-file his pleadings on approved forms. Accordingly,

IT IS ORDERED that plaintiff's letter-motion for reconsideration (or alternatively request to reopen the instant case) [doc. # 12] is hereby DENIED.[2]

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 30th day January 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] Time does not appear to be a factor because the EDLA dismissed Benoit's § 2254 petition on August 13, 2012, and there is no indication that Benoit timely appealed the dismissal. The court notes that plaintiff attached to his letter-motion a copy of an "Application for Writ of Certiorari" that was marked "RECEIVED" by the U.S. Court of Appeals on January 3, 2013. [doc. # 12-1]. Apparently, the Fifth Circuit forwarded the application to the EDLA, which, in turn, returned it to Benoit, stating that his "2254 petition has been transferred to the Western District of Louisiana." (Jan. 16, 2013, Letter [doc. # 12-1]). The EDLA appears to be mistaken, however, because solely the instant § 1983 action was transferred to this court. Benoit should re-submit his filings to the EDLA and specify that it should be filed in his 2254 case, *i.e.*, *Benoit v. LeBlanc*, Civil Action No. 12-1023 (E.D. La.) – assuming that is Benoit's intention.

[2] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).